420

163 P.3d 209

**John DOE, Appellant,**

v.

**State of Idaho, DEPARTMENT OF HEALTH AND WELFARE, Respondent.**

No. 32972.

Supreme Court of Idaho,
Boise, May 2007 Term.

May 23, 2007.

Canyon County Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

EISMANN, Justice.

This is an appeal from an order terminating Appellant's parental rights in his five children. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On August 23, 2002, the Idaho Department of Health and Welfare (Department) filed a petition under the Child Protective Act, I.C. §§ 16–1601 et seq., seeking custody of John and Jane Does' five children whose ages ranged from one through seven. After an evidentiary hearing, the magistrate judge found that the children had been subjected to chronic abuse and neglect and that they were within the purview of the Child Protective Act. The abuse and neglect included: putting duct tape over the children's mouths to keep them from crying; spanking the children to the point that it would leave welts; locking the children in their room for extended periods of time without food or access to a bathroom; locking the children in a closet; failing to provide the children with adequate food; depriving one child of medical care for a deep cut until the cut became infected; and failing to have any interaction with the children. John Doe also did not develop a relationship with his children. Typically, he would arrive home from work, fix himself something to eat, and then spend the rest of the evening in the computer room with the door locked to keep his children out. On May 29, 2003, the magistrate judge entered a decree vesting custody of the children in the Department. Both parents timely appealed.

On July 16, 2003, the Department filed a petition under the statutes providing for the termination of the parent and child relationship, I.C. §§ 16–2001 et seq., seeking to terminate the parental rights of John and Jane Doe in their children. The district court therefore stayed the appeal of the judgment entered under the Child Protective Act and remanded the case to the magistrate judge to

resolve the petition to terminate John and Jane Does' parental rights.

After a hearing, the magistrate judge on January 12, 2004, issued findings of fact, conclusions of law, and a decree terminating John and Jane Does' rights in their children. The magistrate found: (1) that both parents had abused and neglected the children; (2) that because of mental illness both parents were unable to discharge their parental responsibilities and there was reason to believe such conditions would continue for a prolonged indeterminate time and would be injurious to the children; (3) that termination would be in the best interests of both parents because of their personality disorders and the lack of any likelihood that they could be rehabilitated sufficiently to care for their children; (4) that termination would be in the best interests of the children because of their need for permanency; and (5) that the Department had taken reasonable efforts to prevent or eliminate the need to remove the children from their parental home, but continuation in that home would be contrary to the children's welfare. Both parents timely appealed.

The district court first considered the appeal of the decree terminating John and Jane Does' parental rights. It addressed and rejected the mother's argument that the magistrate court lacked jurisdiction in the termination proceedings because the children had been placed out of state by the Department; the mother's argument that the magistrate judge improperly limited her cross-examination of a witness; and both parents' argument that the magistrate judge erred in the termination proceedings by taking judicial notice of the Child Protective Act proceedings. The district court did find that it was unclear whether the magistrate judge had applied the proper evidentiary standard—clear and convincing evidence—in the termination proceeding. It therefore remanded the case to the magistrate to clarify that matter.

On March 1, 2005, the magistrate judge issued amended findings of fact, conclusions of law, and a decree, clarifying that the De-partment had proven the grounds for termination by clear and convincing evidence. John Doe then timely appealed.

On the second appeal to the district court, John Doe alleged that the words "aggravated circumstances" in Idaho Code § 16–1619(6)(d) are unconstitutionally vague; that the magistrate judge's finding of "chronic abuse" as an aggravating circumstance in the Child Protective Act proceedings was not supported by substantial and competent evidence; and that if the finding of aggravating circumstances was erroneous, the Department was premature in filing a petition seeking termination of John Doe's parental rights. The district court rejected those arguments and affirmed the decree terminating John Doe's parental rights. John Doe then timely appealed to this Court.

## II. ANALYSIS

John Doe appeals the decree terminating his parental rights. The sole issue he raises on appeal is whether there is substantial and competent evidence to support the magistrate judge's finding of "chronic abuse." That finding was made in the Child Protective Act proceedings, not in the termination proceedings. The finding of chronic abuse constituted an "aggravated circumstance" that relieved the Department of any requirement to make reasonable efforts to prevent placement of the children in foster care. I.C. § 16–1619(6) (2003 version). It also relieved the Department of the need to prepare a case plan setting forth the reasonable efforts that would be made to reunify the family in a timely manner. I.C. § 16–1610 (2003 version). In a proceeding under the Child Protective Act, the definition of "abuse" includes a situation in which a child has been the victim of "failure to thrive." I.C. § 16–1602(1). John Doe's youngest child was diagnosed with failure to thrive. He had been deprived of adequate food for a long enough period of time that he was seriously malnourished and grossly underweight.

John Doe argues that such long-term food deprivation is abuse, just not chronic abuse.[1]

---

1. By addressing the alleged error in the Child Protective Act proceedings, we are not express-ing any opinion as to whether an error in those proceedings would justify setting aside a later

Chronic simply means "suffering from a disease or ailment of long duration." *Webster's Third New International Dictionary of the English Language* 402 (Philip Babcock Gove and Merriam–Webster editorial staff eds., G. & C. Merriam Webster Co.1971). The child was about eleven months of age when examined by a pediatrician. The child had been deprived of food for a sufficiently long period of time that his height and weight were well below the third percentile, he had muscle wasting and was very weak, he lacked subcutaneous tissue, and his abdomen was protruding. The pediatrician testified that if you stopped feeding a healthy child, it would take about five months for the child to be in that condition. He also stated that if left unchecked, the condition would likely have led to great bodily harm or death. The evidence clearly supports the finding that John Doe subjected his youngest child to chronic abuse.

When the petition to terminate John Doe's parental rights was filed in this case, Idaho Code § 16–2005(b) (2003 version) provided that the court could terminate parental rights if it found "[t]he parent has neglected or abused the child." The word "neglect" in that context was defined to mean "a situation in which the child lacks parental care necessary for his health, morals, and well-being." *Id.* The magistrate judge found in the termination proceedings that the children had been abused or neglected, and John Doe does not challenge that finding.

## III. CONCLUSION

The judgment of the magistrate judge is affirmed.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES concur.

judgment terminating parental rights where the    evidence supported such termination.